PER CURIAM.
¶1 Maxx A. Pasko appeals from a judgment of conviction and an order denying his postconviction motion. He contends that the circuit court erred in amending a charge against him after the close of evidence at trial. He further contends that the court erred in denying his motion to modify sentence. We disagree and affirm.
¶2 Pasko was accused of molesting his friend's sister at a Christmas party in 2013. The State charged him with (1) sexual assault of a child under the age of sixteen for allegedly inserting his fingers into the victim's vagina; and (2) attempted sexual assault of a child under the age of sixteen for allegedly trying to put the victim's hand on his penis. The matter proceeded to trial.
¶3 At trial, the victim recounted Pasko's actions towards her at the party. She testified that Pasko stuck his hand inside her pants and put his fingers in her vagina. She told him to stop, grabbed his wrist, and tried to remove his hand. Pasko then grabbed the victim's other hand and tried to put it inside his pants. According to the victim, her hand touched his pants, and she could feel his erect penis. She admitted that she had never before disclosed that she had actually touched his clothed penis.
¶4 After the close of evidence, the circuit court and parties met to discuss the jury instructions. The court asked whether the charge of attempted sexual assault should be amended to conform to the victim's testimony of a completed sexual assault. The State agreed that it should and moved to amend the charge. Over defense counsel's objection, the court granted the motion, concluding that Pasko would not be improperly prejudiced by the amendment. It explained:
In this particular case, whether it was a touching or coming close, trying to touch, the facts and circumstances are all the same in terms of the prosecution and/or the defense as presented in this case. The only difference is - which is prejudicial obviously that if there's a conviction, there's a greater degree of potential punishment because it changes. But prejudice from a standpoint of evidence or presenting a defense, I don't see there's prejudice there.
¶5 Ultimately, the jury convicted Pasko of the first charge of sexual assault, which involved the finger-to-vagina penetration. However, it acquitted him of the second amended charge, which involved the touching of the penis. The circuit court sentenced Pasko to four years of initial confinement and four years of extended supervision.
¶6 After sentencing, Pasko moved to modify his sentence. He accused his counsel of ineffective assistance at the sentencing stage for failing to take certain actions beforehand (e.g., failing to obtain expert evaluations,[1] failing to gather comparative sentencing data, failing to prepare a sentencing memorandum, etc.). He also complained that the circuit court had erroneously exercised its discretion in imposing its lengthy sentence. Following a hearing on the matter, the court denied the motion. This appeal follows.
¶7 On appeal, Pasko first contends that the circuit court erred in amending the charge of attempted sexual assault to a completed sexual assault. Although Pasko was acquitted of the amended charge, he submits that the court's decision violated his constitutional rights concerning fair notice and the opportunity to defend himself. He also suggests that the amended charge caused confusion, contributing to the jury's inconsistent verdicts.
¶8 WISCONSIN STAT. § 971.29(2) (2017-18)[2] allows a circuit court to amend a charge at trial "to conform to the proof where such amendment is not prejudicial to the defendant." The decision to amend rests within the circuit court's sound discretion. See State v. Malcom , 2001 WI App 291, ¶23, 249 Wis. 2d 403, 638 N.W.2d 918. Whether an amendment violates a defendant's constitutional rights is a question of law that we review independently. Id.
¶9 Here, we are not persuaded that the circuit court erred in amending the second sexual assault charge against Pasko. Whether the charge was an attempted act or a completed act, Pasko had notice of the nature and cause of the accusation. His defense to it remained unchanged.[3] Thus, the court could reasonably amend the charge to conform to the victim's testimony without violating Pasko's constitutional rights.
¶10 As for Pasko's other complaint, there is no evidence that the jury was confused by the amended charge. Their decision to acquit on it but convict on the other was likely a reflection of the evidence presented. In addition to the victim, the State presented testimony from an eyewitness at the party who observed Pasko alone with the victim with his hand below her waistline. The eyewitness did not see Pasko trying to force the victim's hand down his pants. This testimony, which supports one sexual assault charge but not the other, could readily account for the jury's split verdicts.
¶11 Pasko next contends that the circuit court erred in denying his motion to modify sentence. He renews his assertions that (1) his counsel was ineffective at the sentencing stage; and (2) the circuit court erroneously exercised its discretion in imposing its sentence. We consider each argument in turn.
¶12 To establish a claim of ineffective assistance, a defendant must show both that counsel's performance was deficient and that such performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). When reviewing a claim of ineffective assistance, we will uphold the circuit court's findings of fact unless they are clearly erroneous, but whether the facts are sufficient to establish ineffective assistance is a question of law that we review independently. See State v. Nielsen , 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325.
¶13 Pasko has not come close to demonstrating ineffective assistance of counsel in this case. All he has done is list certain actions that his counsel could have done before sentencing and then assume that he was prejudiced by his counsel's failure to do them because such actions "may have been useful" to the circuit court. That is not enough to warrant relief. A defendant must show actual prejudice, not simply that counsel's alleged errors had some conceivable effect on the outcome of the hearing. See State v. Erickson , 227 Wis. 2d 758, 773, 596 N.W.2d 749 (1999).
¶14 Turning to the circuit court's sentencing decision, our review is limited to determining whether there was an erroneous exercise of discretion. State v. Gallion , 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. We afford a strong presumption of reasonability to the circuit court's sentencing decision because that court is best suited to consider the relevant factors and demeanor of the defendant. State v. Ziegler , 2006 WI App 49, ¶22, 289 Wis. 2d 594, 712 N.W.2d 76.
¶15 "[T]o properly exercise its discretion, a circuit court must provide a rational and explainable basis for the sentence." State v. Stenzel , 2004 WI App 181, ¶8, 276 Wis. 2d 224, 688 N.W.2d 20 (citation omitted). "The primary sentencing factors which a court must consider are the gravity of the offense, the character of the defendant, and the need to protect the public." Ziegler , 289 Wis. 2d 594, ¶23. The weight to be given to each sentencing factor is within the discretion of the court. Id.
¶16 Reviewing the circuit court's remarks, we are satisfied that it provided a rational and explainable basis for the sentence imposed. The court considered the primary sentencing factors and explained why, in light of the severe harm Pasko caused the victim, a prison sentence was warranted. Although Pasko may believe that the court relied too much upon the gravity of the offense, it was up to the court, not him, to determine how much weight to give. In any event, on this record, we perceive no erroneous exercise of discretion.
¶17 For these reasons, we affirm.[4]
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

According to Pasko, such evaluations could have included a psychological evaluation, a psychosexual risk assessment, or an AODA assessment.

All references to the Wisconsin Statutes are to the 2017-18 version.

Pasko testified at trial and denied pulling the victim's hand towards his penis or causing her to touch it.

To the extent we have not addressed an argument raised by Pasko on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).